IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03416-BNB

MICHAEL M. SELLERS,

    Plaintiff,

v.

KELLY SERVICES, INC., and
IBM CORP.,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Michael M. Sellers, has filed *pro se* a Title VII Complaint. The Court must construe the Title VII Complaint liberally because Mr. Sellers is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Sellers will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

    The Court has reviewed the Title VII Complaint and finds that the Title VII Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. **See Monument Builders of Greater Kansas City, Inc. v. American**

*Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), **aff'd**, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Sellers fails to provide a short and plain statement of his claims showing that he is entitled to relief and he fails to request any relief. Mr. Sellers has checked boxes on the Court's preprinted Title VII Complaint form indicating that Defendants discriminated against him because of his race, sex, and color by demoting or discharging him from his employment. However, the Court's preprinted Title VII Complaint form otherwise is largely blank and Mr. Sellers provides no factual allegations in support of any claims of employment discrimination. Although Mr. Sellers attaches to the Title VII Complaint a copy of a Dismissal and Notice of Rights issued by the Equal Employment Opportunity Commission, that document does not provide the Court with the factual basis for any of the claims Mr. Sellers intends to assert in this action.

Neither the Court nor Defendants is required to guess in order to determine the specific factual allegations that support the claims Mr. Sellers is asserting. The general

rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." ***Garrett v. Selby Connor Maddux & Janer***, 425 F.3d 836, 840 (10th Cir. 2005).  Therefore, Mr. Sellers will be ordered to file an amended complaint that complies with the pleading requirements of Rule 8 if he wishes to pursue his claims in this action.  Mr. Sellers is advised that it is his responsibility to present his claims clearly and concisely in a manageable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims.  Accordingly, it is

ORDERED that Plaintiff, Michael M. Sellers, file, **within thirty (30) days from the date of this order**, an amended Title VII complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order.  It is

FURTHER ORDERED that Mr. Sellers shall obtain the Court-approved Title VII Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Sellers fails to file an amended Title VII Complaint as directed, the Title VII Complaint and the action will be dismissed without further notice.

DATED January 9, 2012, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge