IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03416-WYD-KLM

MICHAEL M. SELLERS,

    Plaintiff,

v.

KELLY SERVICES INC., and
IBM CORPORATION,

    Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant International Business Machines Corporation's ("IBM") **Motion to Dismiss for Insufficient Service of Process Pursuant to Fed. R. Civ. P. 12(b)(5)** [Docket No. 15; Filed April 17, 2012] ("IBM's Motion") and on Defendant Kelly Services, Inc.'s ("Kelly") **Motion to Dismiss, in Lieu of Defendant's Answer to Complaint and Brief in Support** [Docket No. 22; Filed April 19, 2012] ("Kelly's Motion"). On May 16, 2012 and on June 13, 2012, Plaintiff, who is proceeding *pro se*, filed Responses [#24, #28] in opposition to the Motions. On May 29, 2012, Defendant Kelly filed a Reply [#26] and on May 30, 2012, Defendant IBM filed a Reply [#27]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C, the Motions have been referred to this Court for a recommendation regarding disposition. The Court has reviewed the pleadings, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motions [#15,

#22] be **GRANTED** and that Plaintiff's Amended Complaint [#7] be **DISMISSED without prejudice**.

### I. Summary of the Case

On December 30, 2012, Plaintiff filed a Complaint [#1] alleging discrimination in violation of Title VII, and on March 7, 2012, Plaintiff filed an Amended Complaint [#7]. In short, he asserts that on September 25, 2011 he was unlawfully discharged from employment by his employer due to his race and color.[1] *Am. Compl.* [#7] at 2-3. He also seems to make a claim for sexual harassment. *Id.* at 7. On or around October 20, 2012, Plaintiff received a notice of right to sue from the EEOC. *Id.* at 10. Because this action was filed on December 30, 2012, it is timely. *See* 42 U.S.C. § 2000e-5(f)(1) (stating that a claimant has ninety days in which to file an action in district court once he receives a notice of right to sue from the EEOC).

Although not a model of clarity, Plaintiff's Amended Complaint [#7] appears to make two claims for relief. He first alleges that he was terminated for placing his phone number on a white male coworker's computer. *Am. Compl.* [#7] at 3. He states that the coworker had asked to be part of the "Mexican and Black weekly potluck," which Plaintiff had received permission to hold. *Id.* In connection with this claim, Plaintiff discusses, at length, a violent altercation he witnessed between two other coworkers. *Id.* at 3-6.

Plaintiff next asserts a claim for sexual harassment. *Id.* at 7. In support, he states that he complained to his superiors that a male coworker in his thirties was dating a 20-

---

[1] The operative Complaint [#7] does not specify which named Defendant is alleged to have been Plaintiff's employer. Plaintiff filed separate charges of discrimination with the EEOC against each named Defendant. *Am. Compl.* [#7] at 11, 12.

year-old female coworker. *Id.* Plaintiff believed that such a situation was not ethical "in a well-respected place second only to Microsoft." *Id.* He also asked his superiors to allow him to remain anonymous "due to persecution." *Id.*

Defendant IBM contends that Plaintiff's claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) because Plaintiff failed to properly serve it with the Summons and Complaint in this matter. *See IBM's Motion* [#15]. Defendant Kelly contends that Plaintiff's claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff has failed to state a claim for which relief can be granted. *See Kelly's Motion* [#22].

## II. Standard of Review

**A.     Fed. R. Civ. P. 12(b)(5)**

The Court may dismiss a case pursuant to Rule 12(b)(5) for insufficient service of process. A "Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure 3D § 1353. In opposing a motion to dismiss for insufficient service of process, "'plaintiff bears the burden to make a prima facie case that he has satisfied statutory and due process requirements so as to permit the court to exercise personal jurisdiction over defendant.'" *Allen v. United Properties & Const.*, No. 07-cv-00214-LTB-CBS, 2008 WL 4080035, at *9 (D. Colo. Sept. 3, 2008) (quoting *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008). "Effectuation of service is a precondition to suit . . ." *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998). Without proof of service, a court lacks personal jurisdiction over the defendant. *Okla. Radio Assoc. v. FDIC*, 969 F.2d 940, 943 (10th Cir. 1992). The plaintiff must demonstrate that the procedure employed by him to effect service satisfied the requirements of Rule 4 of the Federal Rules

of Civil Procedure. *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir.1987).

**B.     Fed. R. Civ. P. 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed R. Civ. P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon which relief can be granted"). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks omitted). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).

When considering Plaintiff's filings, the Court is mindful that it must construe the filings of a pro se litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be a pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [a pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III. Analysis

**A.    IBM's Motion**

Defendant IBM moves to dismiss on the ground that it was not properly served with the Summons and Complaint pursuant to Fed. R. Civ. P. 4. *See IBM's Motion* [# 15] at 3-5. Defendant IBM is a corporation with a facility located at Building 026, 6300 Diagonal Highway, Boulder, Colorado 80301. *See id.* at 2 (citing *Decl. of Crowder* [#15-1] ¶ 3).

Rule 4(h) of the Federal Rules of Civil Procedure states that a corporation must be served "in the manner prescribed by Rule 4(e)(1) for serving an individual" or "by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Rule 4(e)(1) permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." The Colorado Rules of Civil Procedure state that service upon any form of corporation shall be made by delivering a copy of the

summons and complaint to the registered agent. Colo. R. Civ. P 4(e)(4).

On March 29, 2012, Plaintiff filed a Return of Service [#13] as to Defendant IBM, stating that service had been made upon Jerry Crowder ("Crowder"), IBM Security Specialist. Defendant IBM does not contest that Mr. Crowder was served with a copy of the Complaint and Summons on March 27, 2012. *IBM's Motion* [#15] at 2 (citing *Decl. of Crowder* [#15-1] ¶ 5). However, Defendant IBM asserts that Mr. Crowder is not and never has been a registered agent for service, an officer, or a managing or general agent for Defendant IBM. *IBM's Motion* [#15] at 2 (citing *Decl. of Crowder* [#15-1] ¶¶ 6-7).

In his Responses, Plaintiff fails to make any assertions or to provide any evidence to the contrary. Based upon the affidavit of service filed by Plaintiff on March 29, 2012 [#13], it appears that Plaintiff attempted to effect service on Defendant IBM by leaving copies of the Summons and Complaint with Mr. Crowder in the lobby of Defendant IBM's Boulder facility. According to Defendant IBM's undisputed evidence, Mr. Crowder did not and does not possess any authority to accept service. *See Boltes v. Entex*, 158 F.R.D. 110, 113 (S.D. Tex. 1994) (holding that the requirements of Fed. R. Civ. P. 4 were not met by a *pro se* plaintiff who attempted to serve a corporation by serving a security guard who was not the agent for service of process, an officer, or a managing or general agent).

Accordingly, the Court finds that it lacks personal jurisdiction over Defendant IBM. Although Plaintiff could possibly cure the defect in service upon Defendant IBM, in consideration of the other arguments raised in the Motions and discussed in this Recommendation, any attempt to cure would be futile.

**B.    Kelly's Motion**

Plaintiff alleges that Defendants violated Title VII by unlawfully terminating his

employment due to his race and color and by sexually harassing him.  Title VII bars an employer from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . .  42 U.S.C. § 2000e-2.  Title VII also bars employers from retaliating against an employee for engaging in a "protected activity."  42 U.S.C.2000e-3(a).  An employee engages in a protected activity when he "has opposed any practice made an unlawful employment practice" pursuant to Title VII "or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing" in connection with such a practice.  *Id.*

As indicated above, it is unclear from Plaintiff's Amended Complaint whether he is asserting that Defendant IBM, Defendant Kelly, or both were his employers pursuant to 42 U.S.C. § 2000e-2.  Assuming that Plaintiff has attempted to state a discrimination claim against Defendant Kelly, because of the lack of appropriate factual allegations in support of such a claim, Plaintiff has failed to plead a colorable claim for relief pursuant to the *Iqbal* standard.  *Iqbal*, 556 U.S. at 678-79.  A complaint in an employment discrimination lawsuit does not need to contain specific facts establishing a prima facie case of discrimination pursuant to *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-11 (2002).  Rather, such a complaint need only contain enough detail to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Id.* at 514.  However, even in *Swierkiewicz*, the plaintiff's pleading "detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination."  *Id.*  Here, Plaintiff's Amended Complaint merely asserts conclusory

allegations of discriminatory termination without supplying a description of any of the events leading to his termination, except for his termination date.  Moreover, he supplies no facts which support an allegation of discrimination within the meaning of Title VII other than referring to himself as "an African dark-skinned male," and his indecipherable statement about another employee who is Caucasian whose "issue was cared for" and who "got so much response that I got fired."  *Am. Compl.* [#7] at 8.  Plaintiff's allegations to not suffice.  Plaintiff must allege sufficient facts on which a recognized claim could be based, and he has not done so here.  *Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Accordingly, the Court finds that Plaintiff's claim of discriminatory termination should be dismissed for failure to state a claim.  *See, e.g.*, *Helsper v. Napolitano*, No. 11-cv-01804-MSK-BNB, 2012 WL 715555, at *2 (D. Colo. Mar. 5, 2012) (finding that a dismissal was appropriate in an employment discrimination case where the plaintiff provided no "dates or descriptions of any of the adverse actions that befell her" and gave no "indication as to why she believes those actions were discriminatory").

To prove a claim of sexual harassment under Title VII as a matter of law, "a plaintiff must show that a rational jury could find that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."  *Davis v. U.S. Postal Serv.*, 142 F.3d 1334, 1341 (10th Cir. 1998) (internal quotations and citations omitted).  "The working environment must both subjectively and objectively be perceived as abusive."  *Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir. 2000) (quotation and citation omitted).  All of the circumstances of the employment must be considered, including "the frequency of the discriminatory conduct; its severity;

whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Davis*, 142 F.3d at 1341.  Notably, when evaluating whether the allegedly harassing circumstances of a workplace are sufficiently severe or pervasive, "an isolated incident of harassment by a coworker will rarely (if ever) give rise to a reasonable fear that sexual harassment has become a permanent feature of the employment relationship."  *McPherson v. HCA–HealthOne, LLC*, 202 F. Supp. 2d 1156, 1172 (D. Colo. 2002).

Here, the complained-of conduct was an alleged romantic relationship between coworkers.  Plaintiff does not explain how he was sexually harassed by an alleged consensual romantic relationship.  Although he disapproved of the relationship and believed it reflected poorly on his employer's "rules and ethics," those thoughts and feelings do not support a claim of sexual harassment.  *Am. Compl.* [#7] at 7.  Plaintiff has failed to state allegations which could possibly show that the terms and conditions of his employment were altered due to the alleged consensual romantic relationship between coworkers.  Plaintiff's allegations regarding his concern with the relationship do not constitute "harassment [that] affect[ed] a term, condition, or privilege of employment within the meaning of Title VII."  *Brooks*, 229 F.3d at 927 (citing *Meritor Sav. Bank v. Vinson*, 477 U.S. 57, 67 (1986)).  *See also Meriwether v. Caraustar Packaging Co.*, 326 F.3d 990 (8th Cir.2003) (single incident of a co-worker's squeezing of employee's buttocks, and subsequent "joke" about such conduct, did not rise to level of severe or pervasive conduct); *Saxton v. Am. Tel. & Tel. Co.*, 10 F.3d 526, 528–29, 534 (7th Cir. 1993) (limited unwelcome sexual advances by a supervisor including rubbing and kissing was not pervasive harassment); *Flowers v. Fed. Express Corp.*, No. 06-cv-01010-WYD-KLM, 2008 WL

185699 (D. Colo. Jan. 18, 2008) (incidents of one employee pressing up against the backside and squeezing the thigh of another employee did not constitute a hostile work environment). Therefore, the Court concludes that Plaintiff's claim of sexual harassment should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted.

## IV. Conclusion

Based on the foregoing, the Court respectfully **RECOMMENDS** that the Motions [#15, #22] be **GRANTED** and that Plaintiff's Amended Complaint [#7] be **DISMISSED without prejudice**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: August 16, 2012

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge